ORVILLE D. FORD

*vs.*

SIMEON N. WRIGHT.

The contesting of the election of a county officer in the Courts, under *Chapter* 1 *of the General Statutes*, is not a civil action, but a special proceeding.

In such proceeding oral evidence may be received.

At a general election held on the 5th day of November, 1867, the plaintiff and defendant were rival candidates for the office of Register of Deeds of Wabashaw county. After the election the votes were canvassed by the county canvassing board and the defendant declared elected, and a certificate of election issued to him. The plaintiff served a notice on the defendant that he would contest his election, specifying the points on which the election would be contested, &c. The defendant served a notice on the plaintiff, specifying additional points, &c. Both notices named the same justices to take testimony, &c. When the matter was brought to trial before the District Court for said county, the defendant asked leave of the Court to file amended point s or answer; the Court refused to allow the amendments, and defendant excepted. The defendant then demanded a trial by jury, which was denied, and he excepted to the ruling of the Court. The plaintiff to sustain on his part the points specified in his notice

Ford v. Wright.

offered oral testimony; the defendant objected on the ground that the matter must be heard and determined upon the testimony taken before the justices named in the notices. The Court overruled the objection and admitted the testimony, and defendant excepted. The Court after hearing the testimony, and argument of counsel, found the plaintiff entitled to the office, and judgment was entered pursuant to such finding. The defendant appeals to this Court.

Berry & Waterman for Appellant.

Scott & Hahn for Respondent.

*By the Court.*—Wilson, Ch. J.—The appellant asks to have the judgment reversed for the following alleged errors of the Court below: 1. In receiving on the trial oral testimony. 2. In refusing to permit an amendment. 3. In denying a jury trial.

It is expressly provided that in contesting the election of senators or representatives to the legislature, the parties to the contest may introduce either written or oral testimony. *Sec.* 50, *Chap.* 1, *Gen. Stat.* It is also provided by *sec.* 49 of the same chapter, that the contestant shall proceed in the same manner in contesting the election of any county officer.

The Court has the power to secure the attendance of witnesses on such trial, and therefore no argument can be drawn from the fact that this chapter of the statute is silent on that subject. The return of the justice before whom the depositions are taken, should be substantially the same whether it is to be made to the legislature or to the District Court.

He is required to return, in either case, all the evidence taken before him, and nothing more—unless perhaps the

notice and the specifications of the points or grounds of contest. We consider therefore that there was no error in receiving oral testimony on the trial.

The appellant claims that this is a civil action, and not a special proceeding, and that therefore he was entitled to the amendment asked, and to a jury trial. This is a special proceeding, not a "civil action." See *Whalen vs. Bancroft*, 4 *Minn.*, 109.

Judgment affirmed.