[L. A. No. 20.    Department Two.—January 27, 1896.]

WILLIAM H. CARLSON, APPELLANT, v. JOHN P. BURT, RESPONDENT.

| 111 | 129 |
|-----|-----|
| 129 | 327 |
| 111 | 129 |
| 132 | 284 |

ELECTION CONTEST — LIMITATION OF TIME FOR FILING STATEMENT — CONSTRUCTION OF CODE—"RETURN DAY."—The "return day" of election described in section 1115 of the Code of Civil Procedure, within forty days after which an elector, desiring to contest the right of any person declared elected to an office, must file his statement with the county clerk, must be construed to be the first Monday after the election, upon which the board of supervisors is directed to meet to canvass the returns; and when the statement is not filed within forty days thereafter, the court has no jurisdiction of the contest, though it be filed within forty days after the entry was made in the records of the board declaring the election of the officer whose election is contested.

ID.—STATUTORY RIGHT—PUBLIC POLICY.—The right to contest an election is purely statutory, and must be determined by the terms of the statute; nor is it given merely to enable a candidate to vindicate his rights, but is given to any elector; and public policy requires that it should be inaugurated speedily, and before the commencement of the term of the person declared elected.

APPEAL from a judgment of the Superior Court of San Diego County. W. L. PIERCE, Judge.

The facts are stated in the opinion of the Court.

*William H. Fuller*, for Appellant.

The Political Code must be construed in connection with section 1115 of the Code of Civil Procedure, and, so construed, the "return day" means the day of canvassing the returns and declaring the election. (*Preston* v. *Culbertson*, 58 Cal. 198; *Pacheco* v. *Beck*, 52 Cal. 4, 5; *Kirk* v. *Rhoads*, 46 Cal. 399; *Day* v. *Jones*, 31 Cal. 262; *Sawyer* v. *Sweet*, 33 Neb. 630; *Bowler* v. *Eisenhood*, 1 S. D. 577.) Courts should give to statutes which authorize election contests, broad and most liberal interpretation. (*Lord* v. *Dunster*, 79 Cal. 477-488; *Minor* v. *Kidder*, 43 Cal. 229; *Matter of Marks*, 45 Cal. 216.)

*H. S. Utley*, and *Charles Wellborn*, for Respondent.

The "return day" of the election is the day upon which all the returns are to be brought before the supervisors. (*Day* v. *Jones*, 31 Cal. 262.)

TEMPLE, J. This is a contest for the office of assessor
of the county of San Diego. The case was decided
against the contestant on demurrer to the complaint.
The court held that it had no jurisdiction, because the
complaint—or written statement, as it is termed—was
not filed with the county clerk within forty days after
the return day of the election, as required by section
1115 of the Code of Civil Procedure.

The complaint shows that the election was held on
Tuesday, November 6, 1894; " that the respective boards
of election of the several precincts of said county, on
or before Monday succeeding the said Tuesday, made
their returns to the board of supervisors of said county
of San Diego, of the votes cast at the said general elec-
tion, and that upon said Monday said board of super-
visors met, and finding that all of the returns in the
several precincts in which said election was held had
bəen duly and properly received, they thereupon prc-
ceeded to canvass said returns."

It is also averred that on the nineteenth day of No-
vember, 1894, the board caused to be entered in the
record of said board a statement, which purported to
show the various matters required by section 1282 of
the Political Code, and that thereupon the board de-
clared John P. Burt elected county assessor of San Di-
ego county.

The complaint in this case was filed December 29,
1894. This was the fortieth day after the entry was
made in the records of the board declaring Burt elected,
and the forty-sixth day after the day on which it is
averred that the board proceeded to canvass the votes.
If the return day is the day upon which the result of
the canvass is declared, then this contest was inaugu-
rated in time. On the other hand, if the return day is
the day upon which the returns being all in are pro-
duced before the board, which then proceeds to canvass
them, the statement was filed too late and the court
properly refused to entertain the case.

Section 1115 of the Code of Civil Procedure provides

that "when an elector contests the right of any person declared elected to such office, he must, within forty days after the return day of such election, file with the county clerk a written statement," etc. The codes do not in any other place speak of any return day, but several sections in the Political Code direct the precinct officers to transmit to the county clerk certain matters pertaining to the election. The papers to be transmitted must be in packages, and in section 1268 of the Political Code are spoken of as returns.

The board is directed to meet on the first Monday after the election to canvass the returns. If the returns have not all been received the canvass must be postponed from day to day until all the returns have been received, or until six postponements have been had. The canvass shall be made by opening the returns and estimating the votes. (Pol. Code, secs. 1278, 1280, 1281.)

The clerk of the board is required as soon as the result is declared to enter on the records a statement similar to that which the complaint shows the board caused to be entered on the 19th. (Pol. Code, sec. 1282.)

In other sections the election returns are mentioned, so that there can be no doubt as to the meaning of the phrase "election returns." But what is the return day of an election?

The phrase "return day" has been long a familiar phrase in legal practice. Blackstone says (3 Blackstone's Commentaries, 277) that they are called days in bank, that is, days of appearance in the court of common bench. They were stated days in the term on which writs were returnable. These were original writs by which suits were commenced. If the defendant did not then appear and submit to the jurisdiction, process was issued to compel him to do so. In analogy the last day on which any process can be returned is called return day; or, in case of an order to show cause, the day of the hearing.

The statute fixes no precise day in which election re-

turns must be made. They should be sent to the clerk at once. But it would seem that any return is timely which is received before the board commences the canvass. Naturally, then, the return day would be the first Monday after the election, with authority in the board to adjourn return day six times from day to day, if all returns have not been received.

Appellant argues that this construction may deprive an elector of the right to contest altogether, as the board may not declare the result until forty days after the canvass begins. Unquestionably the argument is entitled to great weight, and if any reasonable construction can be given to the law which would not result in nullifying the law as applied to a possible case, such construction should be given rather than a construction which would have that effect. But this right to contest is not given to enable a candidate to vindicate his rights, but to any elector. Public policy requires that it should be inaugurated at once. If commenced within forty days after the commencement of a canvass it will be before the commencement of the term of the person declared elected. If delayed much longer it will be after the commencement of the next term of office.

To contest the right to an office in this mode is not a natural right, but one given by statute. The phrase "return day" refers to the election returns, and to some day fixed by reference to something done in regard to the returns. If it had been intended that the time should run from the day on which the person was declared elected, it was easy to say so, and the very language required was in the precise sentence in which the limitation was made. How natural it would have been to say that a contest as to the right of a person "declared elected" shall be commenced within forty days after he has been so declared elected, instead of changing the expression making it read " from the return day of the election." There is nothing in the expression used which naturally refers to the day on which the person whose right is contested was declared elected.

To the suggestion that the board may take more than forty days to canvass the votes, it may be said that it may be possible, but it is quite improbable. If it should take much more than forty days the vote would not be canvassed until the term for which officers are to be elected will begin.   Such a contingency was not anticipated, and can rarely happen, except through a criminal intent.   The presumption is that in fixing the election at a certain period before the commencement of the terms of office, and in limiting the period for the commencement of a contest, the legislature has taken all these things into consideration, and has concluded that the period fixed will always prove sufficient, and I believe that in practice it always has.

It must be held that the return day is the day on which the board actually commences the canvass; or, rather, the day on which under the law they ought to do so.

It follows that the contest was commenced too late, and the judgment is affirmed.

HENSHAW, J., and McFARLAND, J., concurred.

Hearing in Bank denied.