[Sac. No. 1165. In Bank.—March 14, 1904.]

## MARION FRESHOUR, Appellant, v. CHARLES B. HOWARD, Respondent.

ELECTION CONTEST—MARKED BALLOTS—FAILURE OF OFFICERS TO REMOVE NUMBER.—The failure of the officers of election, through carelessness or ignorance, to remove the number from ballots cast does not leave such an identifying mark as renders the ballots illegal. It is only distinguishing marks made by the voter which demand the rejection of a ballot on that ground.

ID.—AMENDMENT OF STATEMENT AT TRIAL—NEW CHARGE OF FRAUDULENT CONDUCT.—Where the original statement of the grounds of contest did not allege any fraudulent or corrupt misconduct of the election officers in failing to remove the numbers from ballots at a certain precinct, but assailed the ballots as having an identifying mark, it was not error to refuse to allow the statement to be amended at the close of the trial, by charging that such failure was for the intended purpose of enabling a record to be made of how each voter voted, and to prevent a fair election at that precinct.

ID.—SPECIAL PROCEEDING—STRICT PURSUANCE OF STATUTE—OBJECT OF LAW.—An election contest is a special proceeding, and the requirements of the code in reference thereto must be strictly followed. The object of the law is plainly to require notice in advance of the trial to the defendant, who is declared elected, and whose right to the office is questioned, of the grounds on which his right to the office is contested.

APPEAL from a judgment of the Superior Court of Siskiyou County. H. M. Albery, Judge presiding.

The facts are stated in the opinion of the court.

James F. Farraher, for Appellant.

O'Neill & Butler, for Respondent.

VAN DYKE, J.—This is an election contest for the office of sheriff of the county of Siskiyou. The election was held on November 4, 1902. By the returns, as canvassed by the board of supervisors, the respondent received 1,878 votes and the appellant 1,816 votes, giving the respondent a majority of sixty-two votes. In the petition or complaint filed by the appellant irregularities were charged in certain precincts in said county in the receiving and counting of alleged illegal ballots for respondent. As a result of the trial there was a net reduction from respondent's majority, as declared by the board of supervisors, of forty-nine votes, leaving his majority at thirteen votes.

The only question presented on the appeal, as stated by appellant's counsel, is in reference to the Oro Fino precinct.

At the hearing of the contest in the court below the county clerk produced a package containing the voted ballots at the Oro Fino election precinct, which were "offered by counsel for contestant as an exhibit, and for the sole purpose of calling the court's attention to the condition of the ballots, and as a basis for a motion for an order rejecting the entire ballots of said precinct, and it appeared therefrom that each and all of said ballots had yet attached to them and not separated the slips bearing the numbers thereof." The precinct register of Oro Fino precinct was also offered in connection with the foregoing, and thereupon counsel asked that all the ballots for the Oro Fino precinct cast at the said election be rejected, which request or motion on the part of the contestant, upon objection by the contestee, was denied by the court, and this action of the court is assigned as error. Thereupon counsel for contestant offered the following amendment to his written complaint or statement, to wit: "Contestant avers the fact to be that the failure of said board of judges to separate the slip containing the number of the ballot from each of the ballots cast at the Oro Fino election precinct and to immediately destroy same, was for the purpose, so designed and intended, of enabling a record to be made of how each and all

the votes in said Oro Fino precinct voted, thereby prevent-ing a fair election in said precinct.'' The request to file the amendment was denied by the court, which action of the court is also assigned as error by the appellant. The contest is based upon the misconduct or malconduct of the board of judges of certain precincts enumerated in the contest, as shown by the original complaint or statement, in carelessly and erroneously receiving and counting a number of illegal and unlawful ballots in each of said precincts, specifying the same, so marked by the voters that each of them could be readily distinguished from the other ballots. In reference to the Oro Fino election precinct the original complaint or state-ment simply alleges that the officers constituting the board of judges of said precinct were guilty. of misconduct consisting ''of neglecting and failing to separate the slip containing the number of the ballot from each of the ballots cast at said election precinct on said fourth day of November, 1902. That said malconduct on the part of said board of judges left said ballots and each of them with an identifying mark thereon that rendered them readily distinguishable from the ballots of each of the other electors who voted at said precinct at said election.'' There is no allegation, however, that there was any fraudulent or corrupt misconduct on the part of the judges of election at any of the precincts. The court finds ''that there was no malconduct whatever on the part of the board of judges of Oro Fino election precinct, appointed by the board of supervisors, and who did in fact serve as such judges at the general election held in said county and state on the fourth day of November, 1902, in said Oro Fino elec-tion precinct, and there were in fact no illegal votes cast, counted, or canvassed for the contestee, Charles B. Howard, therein; neither were there any legal votes cast in said pre-cinct in favor of said contestant, Marion Freshour, that were not in fact counted and canvassed for him.'' The failure or neglect through ignorance or carelessness on the part of the precinct election officers to remove the number of the ballot did not have the effect to make the ballot illegal on the ground of a distinguishing mark placed thereon by the voter. (Pol. Code, sec. 1215.) In *Farnham* v. *Boland,* 134 Cal. 151, this question was considered, and the court in that case said: ''It is claimed that the trial court should have rejected ballots

which had the stub attached to them—a stub that should have remained in the book from which the ballots were taken. We hold that these ballots were properly counted; and likewise those ballots were properly counted which the officers of election placed in the ballot-box without first tearing therefrom the numbers attached. It is quite apparent that these violations of the law arose from the carelessness of the election officers. Such carelessness or malconduct upon the part of those officers may render them liable to severe penalties; but that is all. The law as to identifying marks refers to marks made by the voter, and it is only marks made by him that demand the rejection of the ballot." In *People* v. *Prewett,* 124 Cal. 13, after citing cases to the point, it is said: "The principle underlying these decisions is, that the rights of the voters should not be prejudiced by the errors or wrongful acts of the officers of election, unless it shall appear that a fair election and an honest count were thereby prevented." And the code declares: "No irregularity or improper conduct in the proceedings of the judges, or any of them, is such malconduct as avoids an election, unless the irregularity or improper conduct is such as to procure the person whose right to the office is contested to be declared elected, when he had not received the highest number of legal votes." The cases cited and relied upon by appellant do not militate against the foregoing rule.

An election contest is a special proceeding, and the requirements of the code in reference thereto must be strictly followed. It is required that a written statement setting forth the particular grounds of the contest, verified by an affidavit of the contesting party, shall be filed within forty days after the return day of the election. (Code Civ. Proc., sec. 1115.) And when the reception of illegal votes is alleged no testimony in reference thereto can be received, unless the contestant shall deliver to the opposite party, at least three days before the trial, a written list of the number of illegal votes and by whom given. (Code Civ. Proc., sec. 1116.) The purpose of the law is very plain. The party who is declared elected, and whose right to hold the office is questioned, should have notice in advance of the trial of the grounds on which his right to the office is contested. In the statement or complaint filed by the contestant herein there was no allegation

of any fraudulent or corrupt misconduct on the part of the officers in said Oro Fino election precinct in not removing the numbers from the ballots cast thereat. The case went to trial on the issue made by this statement or complaint and the answer thereto, on January 15, 1903. The proposed amendment was offered at the close of the trial, as appears by the bill of exceptions. It contained a new specification or ground of contest, and the code requires, as above appears, that the statement or ground of contest should be filed within forty days from the return day of the election. Under these circumstances it was not error on the part of the court below in refusing to allow the proposed amendment to be filed.

Judgment affirmed.

Angellotti, J., Shaw, J., McFarland, J., Lorigan, J., and Henshaw, J., concurred.