[S. F. No. 5495. In Bank.—October 28, 1910.]

THOMAS P. O'DOWD, Petitioner, v. SUPERIOR COURT IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO, and F. J. MURASKY, Judge, Respondents.

ELECTION CONTEST—FAILURE OF SERVICE ON RESPONDENT—JURISDICTION —SPECIAL APPEARANCE TO QUESTION JURISDICTION.—In an election contest, under sections 1111 et seq. of the Code of Civil Procedure, in which there has been neither personal nor constructive service of the required citation on the respondent, at the time fixed for the hearing of the contest, the personal appearance of the respondent in court, specially made for the purpose of questioning the jurisdiction, is not sufficient to confer jurisdiction over him.

ID.—FAILURE TO SERVE CITATION IN TIME DOES NOT DIVEST COURT OF JURISDICTION.—The mere failure of the sheriff to serve the citation on the party whose office is contested in due form or at all before the day fixed for the hearing, did not affect the jurisdiction of the court to further entertain the contest against him.

ID.—ELECTION CONTESTS SHOULD BE DETERMINED ON MERITS.—It is the obvious purpose of the statute to have election contests determined on their merits, and no construction should be given to any of its

provisions which will defeat that end, unless their language impera-
tively commands it.

Id.—Court May Continue Hearing and Order New Citation.—The
provisions of section 1119 of the Code of Civil Procedure, limiting
the time for the service of citation on the person whose office is con-
tested, are simply directory, and under the provisions of section
1121, giving the court power to adjourn the trial before its com-
mencement for good cause shown, the court had power after it had
acquired jurisdiction of the subject-matter of the contest, when it
appeared that there had been a failure to serve the citation within
the five days required without any fault on the part of the elector
inaugurating the contest, to continue the hearing for a period not
further than twenty days, and order another citation to issue for
service on the respondent.

APPLICATION for a Writ of Prohibition directed to the
Superior Court of the City and County of San Francisco. F.
J. Murasky, Judge.

The facts are stated in the opinion of the court.

John P. Allen, Edward Lande, M. B. Woodworth, and John
J. Gallagher, for Petitioner.

Edwin F. McMurray, for Respondents.

LORIGAN, J.—This is an application for a writ of prohi-
bition.

On December 6, 1909, Fred L. Hilmer and others who had
been candidates for the office of supervisor of said city and
county at a municipal election held November 2, 1909, insti-
tuted a contest, contesting the election of petitioner and the
other seventeen candidates declared elected, on the ground
that they did not receive the highest number of votes cast.
Thereafter on December 23, 1909, as required by law, the pre-
siding judge of the superior court of said city and county
ordered a special session of department two of said court to
be held on January 3, 1910, for the purpose of hearing and
determining said contest. On December 27, 1909, the county
clerk of said city and county, as directed by law, issued a cita-
tion to the petitioner and the other contestees named in said
election contest to be and appear in the said superior court
at the time and place named in the order for holding said
special session of said court. This citation was delivered to

the sheriff of said city and county for service upon petitioner and the others, but the sheriff did not serve said citation upon petitioner either personally or by leaving a copy at the house where he last resided (Code Civ. Proc., sec. 1119), but left a copy of the citation at the premises adjoining petitioner's place of business on the twenty-eighth day of December, 1909. On the third day of January, 1910, the day set for the hearing, when the matter of the contest was called in the superior court, the petitioner appearing specially for that purpose, moved to quash the said citation and the attempted service thereof, and for an order dismissing the proceedings against him on the ground that as he had not been served with any citation prior to the day fixed for hearing, as required by law, the court acquired no jurisdiction and thereafter could obtain no jurisdiction to proceed in the matter of the contest as against him; that service of the citation before the day fixed for the hearing was a limitation on the jurisdiction of the court to proceed against him and failure of such service ousted the court of jurisdiction to entertain the contest as far as he was concerned. The court denied the motion and held that it had jurisdiction of the person of the petitioner to proceed with the contest upon his appearance in court, notwithstanding such appearance was specially made.

After such ruling by the superior court petitioner applied to the district court of appeal for a writ prohibiting said court from proceeding further in the matter against petitioner, which writ was granted, said court holding that by the failure of service of the citation upon petitioner prior to the day set for the hearing of the contest, the court lost jurisdiction to proceed to try said contest as far as it involved the right and title of petitioner to said office.

After such decision a further hearing on the matter was ordered before this court.

The provisions relating to election contests are embraced in sections 1111 to 1127, inclusive, of the Code of Civil Procedure. They provide that any elector may file a statement contesting the right to an office of any person declared elected within thirty days after the result of an election is declared by the canvassing board (sec. 1115); that the county clerk within five days after the end of the time for filing such statements must notify the superior court of all statements filed,

and that thereupon the superior court shall order a special session of court to be held, not less than ten nor more than twenty days from the date of such order, for the hearing of said contest, and shall continue in special session until the matter is disposed of.  (Sec. 1118.)

As to the issuance of a citation to any contestee named in the statement and its service, it is provided that "the clerk shall thereupon (on the making of the order of court for a special session) issue a citation for the person whose right to the office is contested, to appear at the time and place specified in the order, which citation must be delivered to the sheriff, and served either upon the party in person, or, if he cannot be found, by leaving a copy thereof at the house where he last resided, at least five days before the time so specified." (Sec. 1119.)

It is further provided that "the court must meet at the time and place designated, to determine such contested election, and shall have all the powers necessary to the determination thereof.  It may adjourn from day to day until such trial is ended, and may also continue the trial, before its commencement, for any time not exceeding twenty days, for good cause shown by either party upon affidavit, at the costs of the party applying for such continuance."  (Sec. 1121.) .

It must be conceded, of course, that neither personal service nor constructive service upon the petitioner was had, and the court had therefore acquired no jurisdiction over his person at the time fixed for the hearing of the contest.  It is further plain that the view of the trial court that the personal appearance of the respondent in court, although made specially for the purpose of questioning the jurisdiction, nevertheless was sufficient to confer jurisdiction over him, is not tenable.  In this respect the trial court, as disclosed by the answer of respondent, was of the opinion that as the citation required to be issued and served simply directed the petitioner "to appear at the time and place specified in the order," and no default could be taken against him for failure to do so (*Keller* v. *Chapman*, 34 Cal. 635) ; that as no pleading on the part of the person cited was provided for and in the pending contest the only thing to be done was to count the ballots "in the presence of the parties" as directed by section 1118, the presence of the petitioner in court on the day set for the

hearing, no matter for what purpose he appeared, was a sufficient appearance to give the court jurisdiction to proceed with the contest against him. We cannot agree with this reasoning. Petitioner could only be brought within the jurisdiction of the court by service of a citation in the manner required by law or by a voluntary general appearance in the proceeding. He had never been served with the citation and his appearance in court on the day set for the hearing of the contest was special and solely for the purpose of questioning the jurisdiction of the court, and he had a right to limit his appearance to that purpose. So that if the provisions of the code are to be construed to the effect that service upon the petitioner, at least five days before the day fixed for the hearing of the contest, was a jurisdictional limitation on the right of the court to entertain the contest, as far as petitioner is concerned, the view of the district court of appeal would be correct and the writ of prohibition was properly issued by it. We are of the opinion, however, that a reasonable construction of the provisions relative to contests of election require the conclusion that mere failure of the sheriff to serve the citation on the party whose office is contested in due form or at all before the day fixed for the hearing did not affect the jurisdiction of the court to further entertain the contest against the petitioner.

It is true that an election contest is purely a statutory creation, and its provisions contemplate a speedy adjustment of the question as to who is legally entitled to an office, but the speedy determination which the legislature had in view is not to dominate the construction of these provisions so as to defeat altogether the right to have a contested election settled on its merits unless such construction is imperative. A determination on the merits is what the statute mainly has in view. The proceedings are not of an ordinary adversary character such as is maintained between individuals asserting personal rights or interests. The statute does not confer the right of contest upon the assumption that the personal rights of contending individuals to the office is of particular public moment. The right is given to an elector solely (Code Civ. Proc., sec. 1111), and involves the right of the people to have the fact as to who had been duly elected by them judicially declared. As said in *Minor* v. *Kidder,* 43 Cal. 236: "It is the

wholesome purpose of the statute to invite inquiry into the
conduct of popular elections. Its aim is to secure that fair
expression of the popular will in the selection of public officers,
without which we can scarcely hope to maintain the integrity
of the political system under which we live. With this view
it has provided the means of contesting the claims of persons
asserting themselves to have been chosen to office by the peo-
ple. . . . When such a statement is presented by an elector
to the tribunal whose duty it is to investigate its merits, it
should not be received in a spirit of captiousness, nor put
aside upon mere technical objections designed to defeat the
very search after truth which the statute intended to invite.
. . . The public interests imperatively require that the ulti-
mate determination of the contest should in every instance,
if possible, reach the very right of the case." (Also, *Sweeny*
v. *Adams,* 141 Cal. 562, [75 Pac. 182].)

As the obvious purpose of the statute is to have these con-
tests determined on their merits, no construction should be
given to any of its provisions which will defeat that end,
unless their language imperatively commands it. The con-
struction which petitioner seeks to have given to section 1119
is that the jurisdiction of the person of the petitioner can
only be obtained by service of the citation within the time
fixed before the day of hearing; that this is the exclusive
method by which jurisdiction over the person of petitioner
could be obtained; that if such service is not made before
the time fixed for the hearing the court is ousted of jurisdic-
tion and is without power thereafter to obtain jurisdiction
over petitioner so as to proceed with the pending contest and
can only, if there is enough time to do so, call another special
session and set another day for hearing under which a new
citation may be issued and served. We do not think that there
is anything in the statutory provisions governing election con-
tests which requires such a construction, but that, as far as
section 1119 in question is concerned, its provisions, instead
of being mandatory and a limitation on the jurisdiction of
the court, are simply directory, and that under the provisions
of section 1121 giving the court power to adjourn the trial
before its commencement for good cause shown the court had
power, when it appeared that there had been a failure to
serve the citation within the five days required without any

fault on the part of the elector inaugurating the contest, to continue the hearing for a period not further than twenty days, and order another citation to issue for service on petitioner.

Several citations are made by petitioner in support of his claim that, under the statute, service on petitioner before the hearing was essential to and a limitation on the jurisdiction of the court to proceed with a hearing of the contest. (*Carlson* v. *Burt,* 111 Cal. 129, [43 Pac. 583] ; *Freshour* v. *Howard,* 142 Cal. 501, [77 Pac. 1101] ; McCrary on Elections, 4th ed., sec. 427 ; *Batman* v. *Megowan,* 58 Ky. 533 ; *Castello v. St. Louis Circuit Court,* 28 Mo. 259 ; *Bowen* v. *Hixon,* 45 Mo. 340 ; *Seeley* v. *Killoran,* 53 Minn. 290, [55 N. W. 132].) But all these cases involve the question of jurisdiction of the subject-matter of the contest itself, and not jurisdiction of the person against whom the contest was directed. Under the statutes of our sister states, whose decisions are referred to, an election contest was not inaugurated by filing a petition or statement and then giving notice, but it was provided that when a contest was contemplated, the party contemplating it should, within a given time, serve notice on the contestee of his intention to contest, or his intention to appeal from the findings of an election commissioner to the courts. The proposed contestants in those cases failed to serve their notice of intention within the time prescribed, and, of course, the court never acquired any jurisdiction of the subject-matter. It was held that the requirement as to time was peremptory and essential in order to vest jurisdiction in the courts to entertain the contest. In those cases the service of the notice of intention to contest within a given time was a limitation on the jurisdiction of the court. It went directly to the jurisdiction of the subject-matter of the controversy. A similar view was taken by our court (*Carlson* v. *Burt,* 111 Cal. 129, [43 Pac. 583] ), where the statement was filed after the forty days within which it was required it should be filed. And in principle this was what was held in *Freshour* v. *Howard,* 142 Cal. 501, [77 Pac. 1101]. Under our statute, however, the superior court in the election proceeding here under consideration had acquired jurisdiction of the subject-matter of the contest, as the statement of contest was filed within the time, and as the cases immediately

referred to involved the question of the jurisdiction of the subject-matter only and not of the person, they are not in point as to the latter proposition.

There is, however, on the other hand, authority to the effect that a provision for the service of a citation by a sheriff, a given number of days before the hearing, is not peremptory but simply directory, and the court has power, where good cause is shown for the failure to make service before the hearing to continue such hearing so as to permit service to be made within a further given time.

A statute of Indiana provided—sec. 18—that after a contest filed, the auditor should issue notice which must be delivered to the sheriff, who shall serve it five days before the hearing. This provision is similar to that of section 1119 of our code. In construing this provision of the Indiana statute, the supreme court of that state, in *Hadley* v. *Gutridge*, 58 Ind. 302, says: "It is very clear to our minds that the eighteenth section, in so far as it prescribes either the time within which, or the mode in which, the service shall be made, is purely directory to the sheriff of the time and manner in which he shall discharge his duties in such cases. It was never intended by this section, as we construe it, that the right of any one to a public office to which he was eligible and had been lawfully elected should be made dependent in any wise upon the good faith, diligence or intelligence of the sheriff of the county, it might be, of a personal or political opponent. The statute points out to the sheriff the time and the manner in which service may be made; but, in our opinion, it will not do to say, in the absence of a positive provision to that effect, that service after the time, or in some other recognized mode, would not be sufficient service."

In *Napier* v. *Cornet*, 68 S. W. (Ky.) 1076, after the contest was filed the clerk issued a summons which was void because it directed the contestee to answer at a time different from that required by law. The summons was quashed and a new summons was issued by the trial court. The supreme court held that the motion of the contestee to dismiss the contest in the trial court on the ground that the court had lost jurisdiction because the last summons was issued after the time for filing the contest had expired, was properly denied, saying: "The court overruled the motion to dismiss

the petition and we think properly. The plaintiff was not in fault as to the issuance of the summons. All that was necessary for him to do was to file his petition and ask that summons be issued thereon; and if the summons was in fact invalid the misfeasance of the clerk did not avail to defeat the right which the plaintiff had secured by doing all that was required of him."

There is nothing in our code provisions which expressly declares that a court shall not be vested with jurisdiction to entertain an election contest unless the citation required to be issued shall be served before the day fixed for the hearing; that such service is a jurisdictional limitation on the court.

The matter is not to be tested by the rule which applies to the issuance and service of a summons or other process which is, in a large measure, under the control of the party to a civil action. A summons as process to acquire jurisdiction of a party in an ordinary civil action is within the control of the plaintiff; he may have it issued at any time within a year and have it served by any person he may select and at any time as long as it is served within three years. It is not required to be served by the sheriff. There is no provision of law whereby any relief can be granted for failure to have the summons issued within the year or served within the time limited. The citation provided for in section 1119, both as to its issuance and service, is governed by entirely different provisions from those that apply to a summons. Its service, like the service of summons, is to give the court jurisdiction of the person, but the party inaugurating the contest has no control over it as has the party at whose instance the summons is issued. This lack of control over the citation, of course, would make no difference as far as the want of jurisdiction of the court over the person to be served is concerned if no statutory provision existed which could be constructed as authorizing the court to provide for a service where it had not been had within the time limit prescribed by the law. But we think this want of control over the process by the contesting elector, and the possible failure of the officer specially charged by law to make it, was within the mind of the legislature when it vested the court with the general power given in section 1121. Under the special election proceeding

CLVIII Cal.—35

provided for, when the elector has filed his contest he has done all that the law permits him to do, as far as bringing the contestee into court is concerned. The issuance of the citation and its service are committed by law to the public officers over whose action in respect to either the contestant had nothing to say. This was doubtless in order to procure a speedy determination of the contest by taking the control of the matter of the citation out of the hands of the elector. But in view of the provisions of section 1121 it was not intended, or at least there is no room for construing the section as to service as contemplating, that service within the five days prior to the day fixed for the hearing was a limitation upon the jurisdiction of the court over the party upon whom the sheriff had failed to make proper service. On the contrary, we think that the provision of section 1119 as to service was simply, as held in *Hadley* v. *Gutridge*, 58 Ind. 302, directory to the sheriff as to the time within which and the method whereby he should make the service; that failure on his part in either of these particulars did not oust the court of jurisdiction to further provide for such service, but only precluded the court from proceeding with the hearing against a contestee until service was made upon him by order of the court and by virtue of the power vested in it to do so under section 1121.

Under section 1121 the court trying the contest is given all the "powers necessary" to a complete determination of the questions presented in the contest with the additional power to continue the hearing thereof before its commencement for good cause shown by either party and for any time not exceeding twenty days. This is a general power, and within it, we think, that where it appears on the day set for the hearing that the service of the citation has been ineffectual to give the court jurisdiction to proceed with it against all the parties required to be served because the sheriff has failed to make proper service upon one of them, the court is vested with power on a proper showing to order a continuance of a hearing and direct the issuance and service of an alias citation to be made upon the one who has not been served, such service to be made within the time designated in section 1119 prior to the adjourned hearing, and within the twenty days to which it is provided such adjournment may be made.

We are the more constrained to this view because there is nothing in any of the provisions pertaining to election contests which declares that service within five days prior to the date fixed for hearing is a limitation on the jurisdiction of the court, and, because further, such construction tends to effect the purpose of the law that these cases, particularly on account of the public interest involved, should be tried upon their merits. Under this view no delay is occasioned except for some period within the twenty days to which the court is expressly empowered to adjourn before proceeding with the hearing, and the conclusion reached is what must have been the fair purpose of the legislature, namely, to empower the court under section 1121, when an elector has done all that the law required him to do, to protect him from having his contest dismissed without any neglect or fault on his part.

It was stated on the argument that the court on the day fixed for the hearing of the contest made no order of continuance nor did it direct the issuance of an alias citation, or take any other measures for the service of a further citation on petitioner. Likewise it is claimed that when the writ of prohibition was ordered issued out of the district court of appeal and before the bringing of the matter to this court for further hearing, the superior court before which the contest was pending, dismissed such proceeding as to petitioner.

We have nothing to do with these matters, assuming that they occurred. There is nothing in the election contest provision which requires the court, where the sheriff has failed to make service before the day fixed for the hearing, to order an alias summons to issue for service on that date. Nor can we review under this writ any action of the trial court taken subsequent to the application for it.

Within the view we have expressed, as it appears that when the petition for this writ was applied for the superior court had jurisdiction of the subject-matter of the contest, and jurisdiction notwithstanding the failure of service of the citation upon the petition by sheriff, to order an alias citation to be issued and served, this application for a writ is necessarily denied.

Angellotti, J., Shaw, J., Henshaw, J., Sloss, J., and Beatty, C. J., concurred.