KUNDERT, Appellant, v. CITY OF MADISON et al.,
·Respondents.

(162 N. W. 898.)

(File No. 4077.   Opinion filed May 26, 1917.)

1.   Elections—Election Contest, Notice of, Sufficiency—Candidate's
     Bid for Lower Salary—Dismissal of Contest—Statute.

     Notice of contest for the office of city commissioner, alleging
     among other things that defendant candidate publicly offered,
     in case of his re-election, to accept $400.00 per year for his
     services, the statutory. salary being $900.00, states a good cause
     of action· for such contest; and trial court erred in sustaining
     a motion to dismiss contest, and in holding that the notice
     failed to state facts for exercise of the court's jurisdiction; that
     offers made and statements published by candidates for public
     office, such as were alleged, are in violation of the corrupt
     practice act, such as Laws 1913, Chap. 203, making it unlawful
     to pay or promise to pay any money, or give or promise to give
     anything of value to any person for work at election polls in
     the interest of any candidate, or for work or service on elect-
     tion day to influence or procure any other person ·to come to
     the polls, or for services on election day in endeavoring to
     influence or procure any other person to vote for any candi-
     date, etc.

2.   Same—Notice of Contest, Whether Process?—State's Name in
     Process, Whether Applicable?—Contest, As Civil Action, or
     Special Proceeding—Statutes Construed.

     An election contest is not · a civil action, but is a special
     proceeding.  Held, further, that Code Civ. Proc., Sec. 16, pro-
     viding that process in civil actions must run in name of state,
     has no application to special proceedings; that remedies in
     court, by our Code system (Code Civ. Proc., Secs. 11, 12, 13, 14
     and 16, are divided into actions and special proceedings; and
     under the familiar rule of exclusion, this requirement in Sec.
     16 does not apply to proceedings in election contests.

3.   Same—Contest, Notice of, Signing of by State's Attorney, Neces-
     sity—Contest by Candidate, Involving Candidate's Offer to
     Serve for Lower Salary—Public Policy.

     In an election contest initiated by a defeated candidate,
     based upon ground that his opponent's election was invalid
     because he published an offer to accept if elected less than the
     statutory salary, contest notice must be signed or approved by
     state's attorney; such contest involving public policy, and con-
     testant was acting only in his capacity as an elector.

Appeal from Circuit Court, Lake County.   Hon. JOSEPH W.
JONES, Judge.

Election contest proceedings by Jacob Kundert, against J. A. Johnson, opposing candidate, and others, involving the validity of an election for city commissioner. From an order and judgment dismissing the proceeding, plaintiff appeals. Reversed and remanded.

*F. L. Soper, and George R. Farmer,* for Appellant.

*Aikens & Judge,* for Respondents.

(1) To point one of the opinion, Appellant cited: Laws 1913, Chap. 20, Secs. 1, 12; Pen. Code, Secs. 56, 64; State ex rel Newell v. Purdy, 36 Wis. 213; Prentiss v. Dettmer, 112 N. E. 1021; Carrothers v. Russell, 5 N. W. 499.

Respondents cited: Laws 1913, Chap. 203, Sec. 12.

(2) To point two of the opinion, Appellant cited. Code Civ. Proc., Sec. 8, subd. 2; Secs. 11, 14. 16, id.; Sec. 1988 Pol. Code; McLaughlin v. Wheeler, 2 S. D. 379; 23 Am. & Eng. Ency. Law, 2d ed, p. 160; R. v. Castle, 30 L. T. N. S. 188; Horton v. K. C., etc. R. Co., 26 Mo. App. 349; Nichols v. Burlington Plank Co., 4 Green (Iowa) 42; Henley v. Blake Mfg. Co., 62 N. E. 271.

Respondents cited: Const. Art. 5, Sec. 38; Code Civ. Proc., Sec. 8; 15 Cyc. 398; McLaughlin v. Wheeler, 2 S. D. 379, 383; Ackerman v. Berriman, 114 N. Y. Supp. 937; Hinkley v. St. Anthony Falls Water Power Co., 9 Minn. 55, (60 Gil. 44, 49); Wilson v. St. Louis & S. F. Ry. Co., 108 Mo. 588; 32 A. S. R. 624.

(3) To point three of the opinion, Appellant cited: Sec. 1990, Pol. Code; Laws 1907, Chap. 86, Sec. 106.

Respondents cited: Pol. Code, Secs. 1990, 1995; Minnehaha County v. Thorne, 6 S. D. 454; Gillespie v. Dion (Mont.) 44 Pac. 954; Ruling Case Law, Vol. 9, Sec. 147.

McCOY, J. Jacob Kundert, appellant, and J. A. Johnson, respondent, were candidates for the office of commissioner of the city of Madison at an election held on the 18th day of April, 1916, at which election the respondent received more votes than appellant. The appellant instituted this contest against respondent to have said election declared void on the ground of fraud practiced and perpetrated by the respondent. The notice of contest contained the following allegations:

That on the 18th day of April, 1916, the plaintiff was an elector of the city of Madison, S. D., and a taxpayer therein. That the city of Madison, S. D., is a municipal corporation created by chapter 86 of the Laws of 1907, as a city under the commission form of government. That said city is governed by a board of commissioners consisting of a mayor and two commissioners; that on the 18th day of April, 1916, the annual municipal election in and for said city was held, for the election of a successor to the plaintiff to the office of commissioner of said city, whose term would expire on the 1st Monday of May, 1916, and at which said election plaintiff was a candidate to succeed himself, and the defendant J. A. Johnson was a candidate for said office to succeed the plaintiff. That "The Madison Daily Leader" and "The Madison Daily Sentinel" are each daily newspapers, printed and published and of general circulation among the electors of the city of Madison, and that said newspapers were so published and in circulation for a long time prior to the holding of said election. That by the general laws of this state the salary of a commissioner, in a commission governed city in which the city of Madison is placed, is fixed at $750 per annum. That on or about the 10th day of April, 1916, the defendant J. A. Johnson then and there being a candidate for that office to succeed the plaintiff, the plaintiff also being a candidate to succeed himself, caused to be printed and published in "The Madison Daily Leader" and "The Madison Daily Sentinel" the following statement, in words and figures, to-wit:

"A Statement.

"J. A. Johnson Stands for Commission Government and Economy in Salaries.

"In announcing my candidacy for a seat on the city commission I desire to state that I have all along believed in the practicability of the commission form of city government, and I am now more firmly convinced than ever that the commission plan from a straightforward business standpoint can be turned to a far greater account than could the old aldermanic form of city government. I do believe, however, that a mistake was made when the salaries of commissioners were increased from $400 a year to $900 per annum. Holding the opinion I do I wish to announce

that if I am elected at next week's election, I will accept only $400 a year for my services as commissioner.  J. A. Johnson."

That said statement was printed and published by said daily newspapers from and after April 10, 1916, to and including April 18, 1916, and that the same was read by a large number of electors and taxpayers of said city, and that a large number of electors of said city were induced thereby to vote for said J. A. Johnson for that office. That at said election the plaintiff received 393 votes and the defendant 459 votes.

That said notice of contest also contained the following prayer for relief:

"Wherefore plaintiff asks the judgment and decree of this court that the election of the defendant to the said office of commissioner be declared null and void, and that said office be declared vacant, and that plaintiff have suitable relief and judgment for costs."

Said notice of contest was personally served on the defendants on the 28th day of April, 1916. On the 1st day of May, 1916, the plaintiff and contestant also served upon all the defendants an amended or substituted notice of contest in substance the same as the foregoing, with the exception that, in addition to being signed by the plaintiff and contestant, the same was also signed by the state's attorney in and for Lake county. Thereafter on the 2d day of May, 1916, the defendant J. A. Johnson, appearing specially, made and served a motion to dismiss said action or proceeding upon the following grounds:

"(1) That there has not been served upon the said defendant a summons in said action.

"(2) That said action or proceeding was instituted without proper warrant or authority.

"(3) That there is no law authorizing such proceedings.

"(4) That the so-called 'Notice of Contest' does not state facts sufficient to entitle plaintiff or any one else to the relief sought in said notice or to any other relief.

"(5) That the court is without proper jurisdiction, either of the subject-matter or the person of the defendant.

"That said motion will be based upon the so-called 'Notice of Contest.' "

That thereafter on the 9th day of May, 1916, said motion came on to be heard, and thereupon by agreement of attorneys said motion was and did apply to and was considered as directed against said amended or substitute notice of contest, and afterwards, on the 23d day of June, 1916, the court made an order and adjudged that said motion be granted, and said action or proceeding dismissed.

From said ruling of the court the plaintiff and contestant has appealed, assigning as error the dismissing of said contest proceeding.

[1] We are of the view that the learned trial court erred in granting the motion to dismiss the contest proceeding. The facts stated constitute a good cause of action. It seems to be generally held that offers made and statements published by candidates for public office, such as defendant is alleged to have made and published, are in violation of the corrupt practice acts, such as chapter 203, Laws of 1913. State ex rel. Newell v. Purdy, 36 Wis. 213, 17 Am. Rep. 485; Carrothers v. Russell, 53 Iowa, 346, 5 N. W. 499, 36 Am. Rep. 222; Prentiss v. Dittmer, 93 Ohio St. 314, 112 N. E. 1021.

[2] Respondent by his brief virtually concedes the sufficiency of the allegations contained in the notice of contest. There were two notices of contest served, both within the time fixed by statute for commencing such a contest. The second notice denominates itself an "amended or substituted notice," and we are of the view that the second notice should be treated as a substituted notice. It is contended by respondent that a notice of contest is process which must run in the name of the state of South Dakota, and that the court could acquire jurisdiction only by such process. We are of the opinion that the requirement that process must run in the name of the state of South Dakota applies to civil actions, and not to election contests. An election contest is not a civil action. Freshour v. Howard, 142 Cal. 501, 77 Pac. 1101; Ford v. Wright, 13 Minn. 518 (Gil. 480). The requirement of section 16, Code Civ. Pr., that process in civil actions must run in the name of the state of South Dakota, has no application to special proceedings. Actions, by our Code system, are divided into civil and criminal. Remedies in court are divided into actions and special proceedings. Process in civil actions

must run in the name of the state. Under the familiar rule of exclusion, this requirement as to process in civil actions has no application to special proceedings.. Sections 11, 12, 13, 14, and 16, Code Civ. Pr.; 1 Corpus Juris, pp. 944-1010; Tate v. Powe, 64 N. C. 644. It appears from the record that all the statutory requirements in relation to this special proceeding have been substantially observed. The notice states good cause for action; the notice was indorsed by sureties for costs; the notice was signed and approved by the state's attorney of the county wherein the subject-matter arose; the court acquired jurisdiction over the parties and subject-matter, by proper service of notice.

[3] Some question is raised as to the necessity of the signature or approval of the state's attorney to the notice of contest. This is a contest seeking to have an election declared void on grounds of public policy. The appellant can have no more interest in the matter than nay other elector. It was in his capacity as an elector only that appellant is authorized by law to institute this contest. It therefore necessarily follows that the signature or approval of the state's attorney was necessary.

The order and judgment appealed from are reversed, and the cause remanded for further procedure in harmony with this decision.