HOHN, Plaintiff, v. THE CIRCUIT COURT OF DAVISON COUNTY, et al, Defendants.

(269 N. W. 77.)

(File No. 8007.   Opinion filed September 29, 1936.)

*Fellows & Fellows*, of Mitchell, for Plaintiff.

*Frank W. Mitchell*, of Mitchell, for Defendant Bauer.

CAMPBELL, J.   At the May, 1936, primary election in Davison county, S. D., plaintiff, Hohn, was a candidate for nomination on the Democratic ticket for the office of county commissioner, being opposed by the defendant Bauer. Upon a canvass of the votes at said primary the county canvassing board determined that Hohn had been duly nominated as the Democratic candidate

for said office and a certificate was issued to him accordingly. Thereafter defendant Bauer, purporting to act under the authority of the provisions of section 45, c. 118, Laws 1929, commonly known as the Slocum Primary Law, proceeded in circuit court to contest the nomination of Hohn. Hohn made and preserved an objection to the jurisdiction and authority of the circuit court, but the court nevertheless entertained the attempted contest and proceeded to take evidence and recount ballots and ultimately made and entered a judgment decreeing that as a result of said primary election defendant Bauer was the duly nominated candidate of the Democratic Party for the office of county commissioner; that the certificate issued by the canvassing board to plaintiff Hohn be canceled and held for naught; and that the county auditor of Davison county place the name of Bauer upon the ballot to be voted at the general election in November, 1936, as the nominee of the Democratic Party for said office.

Plaintiff Hohn thereupon applied to this court for its writ of certiorari upon the ground that the circuit court of Davison county had exceeded its jurisdiction. The writ issued and due return thereto has been made showing the record and proceedings below and the matter came on for hearing and was orally argued before this court on September 21, 1936, on the part of counsel for plaintiff and defendant Bauer respectively, and the matter is now for our determination.

The section of the Primary Law involved in this controversy (section 45, c. 118, Laws 1929) reads as follows: "Contests; How Made and Decided. Any candidate for nomination to any elective office or for election to any party position, whose name appears on the official primary election ballot of any political party, may contest the primary election as to the office or position for which he was a candidate for nomination or election by filing with the clerk of the circuit court of the county in which his nominating petition was filed, a complaint in writing within ten days after returns have been canvassed by the county canvassing board or boards, setting forth the grounds of his contest, which complaint shall be verified by the complainant. Authority and jurisdiction are hereby vested in the circuit court to hear and determine such contests. When a complaint has been filed it shall forthwith be pre-

sented to the judge of the circuit in which it is filed, who shall note thereon the day of presentation and also the day and place when he will hear the same, which shall be not later than ten days thereafter. The candidate who appears upon the face of the returns to have been elected, or to whom a certificate of nomination has been issued, shall be named as defendant. When the court has fixed the day for hearing the complaint, an order fixing such hearing shall be personally served upon the defendant. The defendant must answer on or before the day of hearing. The cause may be heard and determined by the court in term time, or by the judge thereof in vacation, and shall have preference in order of hearing to all other cases. The complainant shall give security for all costs. If, in the opinion of the court, the grounds alleged for the contest are insufficient, the complaint shall be dismissed. If the grounds alleged are sufficient, the court shall proceed in a summary manner and may hear evidence, examine the returns, recount the ballots and such orders and enter such decisions as the facts and the law may require. The judgment of the court shall be final, and the provisions of this section shall, so far as applicable, apply to contests of nominations and elections by primary election. Where the nominating petitions have been filed with the Secretary of State contest affecting such candidates shall be brought and determined in the same manner by the supreme court." The title of the Primary Law wherein this section is found reads thus: "An act entitled, An Act to Provide for the Holding of Primary Elections for the Purpose of Making Party Nominations, Electing Party Delegates and Committeemen, Providing for Registration, and Providing Penalties for Violation of the Provisions of This Act, and Repealing Sections 7097 and 7098, and Sections 7100 to 7124, Inclusive, Sections 7130 to 7162, Inclusive, Sections 7176 to 7200, Inclusive, of the South Dakota Revised Code of 1919, and All Acts Amendatory Thereto, and Sections 1, 2, 4, 5 and 6 of Chapter 183 of the Session Laws of 1923, and Chapter 157 of the Session Laws of 1925, and Chapters 112 and 113 of the Session Laws of 1927, and All Acts or Parts of Acts in Conflict Herewith."

Plaintiff predicates his objections to the jurisdiction of the circuit court below upon two propositions: First, that section 45 of the Primary Law is not within the scope of the title of the act

as required by section 21, art. 3 of the Constitution of this state, which provides that "No law shall embrace more than one subject, which shall be expressed in its title." Second, that said section 45 exceeds the constitutional power of the Legislature in that it amounts to an attempt to confer nonjudicial powers upon the Circuit and Supreme Courts of this state and require such courts to exercise such powers contrary to the provisions of article 2 and sections 1 and 14 of article 5 of our Constitution.

■ ■ We are of the opinion that plaintiff is entitled to prevail upon the first contention above set out. Defendants, in maintaining a contrary view, rely upon the case of Morrow v. Wipf (1908) 22 S. D. 146, 115 N. W. 1121, 1126, involving a previous Primary Law (chapter 139, Laws 1907), section 71 of which was very similar to, though not identical with, section 45 of the 1929 law. In the Wipf Case this court, after holding that certain matters embraced in the 1907 law came within the ambit of the title thereof in that they were germane to the general subject or purpose of the act as indicated by the title, went on to state: "The same may be said of section 71, which prescribes the procedure in cases of dispute as to who has been nominated, though no opinion is expressed as to the validity of the provision making the decision of the circuit court final—a limitation upon the powers of this court which in no manner affects the operation of other portions of the statute." It should perhaps be observed that the Wipf Case was an application for writ of mandamus to compel the secretary of state to certify the names of certain candidates as party nominees, which candidates had been selected, not by the method provided by the 1907 Primary Law, but pursuant to the terms of a prior statute. It was the contention of the plaintiff in that case that the 1907 Primary Law was unconstitutional and void in its entirety, and, consequently, that the prior law continued in force and that his nomination under the provisions of the prior law was legal and valid. Manifestly, plaintiff could not hope to prevail in that case unless he could establish the unconstitutionality of the 1907 law in toto. It is clear too that the provision for contest embraced in section 71 of the 1907 act was distinct and separable from the rest of the act and a judicial declaration that the portion of the law relating to the matter of contest was unconstitutional and void would not in anywise have impaired the constitutional

validity of the statute as a whole and would not have been of any benefit to plaintiff if the act was otherwise valid. It would seem perhaps that the statement in the Wipf Case that section 71 of the 1907 law fell properly within the scope of the title was somewhat by way of an obiter dictum.

Beyond that, however, we are of the opinion that the instant case is distinguishable upon the facts from the Wipf Case. The title of the 1907 law under consideration in the Wipf Case was as follows: "An Act to Provide for the Holding of Primary Elections for the Purpose of Making Party Nominations, Electing Party Delegates and Committeemen, and Establishing Rules for Regulating the Same." A comparison of that title with the title of the 1929 law now before us quite clearly indicates that the title of the 1929 law much more nearly approaches the nature of an index title than did the title of the 1907 law. Furthermore, the title to the 1907 law contained a definition of purpose entirely lacking in the 1929 title by virtue of its provision that it was an act establishing rules for regulating primary elections. So far as material to this discussion the 1929 law is an act to provide for the holding of primary elections, while the 1907 law was an act to provide for the holding of primary elections and establishing rules for regulating the same. We think the title of the 1907 law was appreciably broader in its terms. Clearly, determination and announcement of the result of an election by the proper canvassing board or other body charged by law with such duty is an integral part of the holding of the election, as recently pointed out by this court in State ex rel. Ingles v. Circuit Court (1934) 63 S. D. 313, 258 N. W. 278, and Hurley v. Coursey 64 S. D. 131, 265 N. W. 4. But when such determination by the proper election officers has been made, that election has been fully and completely held. To go further and question or contest that declared result in the courts is an entirely distinct and separate matter. No such right was known to the common law or can exist independently of statute, save only where proceedings in the nature of quo warranto may properly be invoked. That contesting the result of an election in the courts is neither an integral nor necessary part of holding the election is clearly evidenced by the fact that there was never any provision in the law of Dakota Territory for contesting election to county or district office prior

to the enactment of chapter 54, Laws 1885. An election contest is a special proceeding [Kundert v. City of Madison (1917) 39 S. D. 43, 162 N. W. 898] existing only by virtue of legislative fiat. Even when the right to contest an election in the courts exists, such right cannot be availed of until the holding of the election has been finished and completed, including the declaration and announcement of the result, as pointed out in the cases hereinbefore cited. Clearly, the contesting of an election in the courts is in no sense any part or portion of the "holding" of the election, and we arrive at the conclusion that section 45, of chapter 118, Laws of 1929, is unconstitutional and void in that it is not within the scope of the title of the act which expresses the subject of the law as the holding of primary elections. This view requires that plaintiff should prevail in the present proceeding and renders it entirely unnecessary to consider or discuss the other contentions advanced by plaintiff.

Being of the opinion that the circuit court proceeded without jurisdiction, judgment of this court will be entered annulling the proceedings below.

POLLEY, P. J., and WARREN, J., concur.
ROBERTS, J., deeming himself disqualified, not sitting.
RUDOLPH, J., dissenting.

RUDOLPH, J. (dissenting). I believe that section 45, c. 118, Laws of 1929, is germane to the subject of the act as expressed in the title. I can see no distinction between the said chapter 118 and its title, and the law and title involved in the case of Morrow v. Wipf, 22 S. D. 146, 115 N. W. 1121, which distinction is sufficient upon which to predicate a result in this case different from that reached in the Wipf Case. I think the title to the act we are now considering is fully as broad as the title of the 1907 law (chapter 139).

The majority of the court having expressed no opinion on the second objection of the plaintiff, as stated in the majority opinion, an expression of my personal views thereon would serve no useful purpose.