579 P.2d 605

**Frank V. DIAZ, Petitioner,**

v.

**The SUPERIOR COURT of Arizona, IN AND FOR the COUNTY OF PINAL, Robert E. McGhee, a Visiting Judge thereof, and Rodolfo MORENO, Jerry Bribiescas and Jesse Pena, real parties in interest, Respondents.**

**No. 2 CA–CIV 2911.**

Court of Appeals of Arizona,
Division 2.

May 17, 1978.

Donau, Bolt & Hickle by John R. Bolt, Tucson, for petitioner.

OPINION

HOWARD, Judge.

Petitioner brings this special action to challenge the threatened dismissal by the respondent court of an election contest filed by petitioner against the real parties in interest Moreno, Bribiescas and Pena. Since a speedy resolution of the important issues involved is mandatory and the matter is of great public interest, special action proceedings are appropriate and we assume jurisdiction and grant relief.

Petitioner filed his election contest on March 20, 1978. Although the summons and statement of contest had not been served by March 31, Judge Robert R. Bean of the respondent court notified petitioner that the election contest hearing would be held April 7, 1978, and he would order a continuance to that date. At the time of the hearing, petitioner's counsel learned that through no fault of petitioner, service had not been made, and requested leave to proceed or, in the alternative, for the court to reset the hearing so that service could be obtained. The respondent judge ruled that the hearing must be had that day if at all, because of the time limit contained in A.R.S. Sec. 16–1205(A).[1] Pena was present and ready to proceed, but the judge ruled he had no jurisdiction with respect to Moreno and Bribiescas who had not been served and the election contest would have to be dismissed as to them. The respondent judge suspended the election contest proceedings, however, in order to allow petitioner to file this special action.[2]

■ The problem, as petitioner correctly points out, involves a conflict between A.R.S. Secs. 16–1203 and 16–1205(A), as amended. A.R.S. Sec. 16–1203 states that

1. A.R.S. Sec. 16–1205(A):

   "In any contest brought under the provisions of §§ 16–1201 and 16–1204, upon the filing of the answer, or if no answer is filed, upon the expiration of the time specified in the summons, the court shall set a time for the hearing of the contest, not later than ten

   days after the date on which the statement of contest was filed which may be continued for not to exceed five days for good cause shown."

2. The respondent real parties in interest had been served with the summons after the filing of this special action.

the contestee is required to file an answer to the statement of contest within five days after the service of the summons, exclusive of the day of service. In addition, the statute provides that if the answer is not filed within such period, the court shall proceed with the hearing of the contest ex parte. A.R.S. Sec. 16–1205(A), meanwhile, requires a hearing within 10 days after filing of the statement of contest, unless continued "for not to exceed five days for good cause shown". Therefore it would appear that in a situation where the contestee manages to elude service for ten days after the filing of the statement of contest, no answer would have to be filed until after the time for hearing the contest had expired. In a case such as this one, where through no fault of the contestant the summons is not served prior to the time of the hearing, it is inconceivable that the correct result is the dismissal of the contest. As our Supreme Court has said:

> "The courts must be alert to preserving the purity of elections and its doors must not be closed to hearing charges of deception and fraud that in any way impede the exercise of a free elective franchise. The contestors are entitled to an opportunity to prove their charges." *Griffin v. Buzard*, 86 Ariz. 166 at 173, 342 P.2d 201 at 205, 206 (1959).

The Supreme Court of California dealt with a similar issue in *O'Dowd v. Superior Court of California In and For City and County of San Francisco*, 158 Cal. 537, 111 P. 751 (1910). It held that technical objections would not be allowed to defeat the will of the people and that technical construction of the statutes was not to be controlling over the right to have contests decided on their merits. The court held that a reasonable construction of the statutes required the conclusion that failure of service by the sheriff did not affect the jurisdiction of the lower court to entertain the contest against the contestee. We think this reasoning is equally applicable to the situation before us to prevent an impermissible result. Where the statement of contest is timely filed but service is delayed without fault of the contestant, the statutes must be construed so

as to enable the hearing to be held after the summons is served and expiration of the time for answer by the contestees.

Relief is hereby granted, and the respondent court is ordered to set a time for hearing the contest.

RICHMOND, C. J., and HATHAWAY, J., concur.