MURPHY, APPELLANT, *v.* LEVENGOOD, RESPONDENT.

(No. 1,915.)

(Submitted June 13, 1904. Decided June 27, 1904.)

*Elections — Contest — Statement—Verification — Affidavit—Sufficiency.*

1. Under Code of Civil Procedure, Section 2014, requiring that a person contesting an election shall file a statement setting forth certain facts and the particular grounds of such contest, verified by the affidavit of the contesting party that the matters therein contained are true, an affidavit was sufficient, though the grounds on which the contest was based were alleged on information and belief.

2. Code of Civil Procedure, Sections 2021, 2016, permitting the court to dismiss proceedings contesting an election, if the statement of the cause of contest is insufficient, and declaring that no statement of the grounds of contest will be rejected, nor the proceedings dismissed for want of form, if the grounds are alleged with such certainty as to advise defendant of the

particular cause for which such election is contested, merely require that the contestant shall definitely apprise the contestee of the charges relied on, so that he may be prepared to meet them with appropriate proof.

*Appeal from District Court, Deer Lodge County; Welling Napton, Judge.*

PROCEEDINGS by Felix Murphy against Newton E. Levengood. From a judgment for defendant, plaintiff appeals. Reversed.

*Mr. John R. Boarman,* for Appellant.

*Mr. John J. McHatton, Mr. W. C. Jones, Mr. R. B. Smith, Mr. Joseph J. McCaffery,* and *Mr. T. O'Leary,* for Respondent.

MR. COMMISSIONER CALLAWAY prepared the following opinion for the court:

This action was brought by the appellant to contest the election of respondent to the office of county assessor of Deer Lodge county, and is a result of the election held in November, 1902. It is brought under the provisions of Sections 2010 to 2025, inclusive, of the Code of Civil Procedure. To the complaint, or statement of contest, the respondent interposed a motion asking that the complaint be stricken from the files, and the contest dismissed, "for the reason that the grounds upon which the contest is based are alleged upon information and belief, and for the reason that the verification to said petition is made upon information and belief, and is not in accordance with the statute in such cases made and provided." The court sustained the motion and entered judgment thereupon in favor of the respondent. From the judgment this appeal is prosecuted.

An inspection of the verification to the complaint discloses that it is in practically the same form as that appended to the complaint in *Lane v. Bailey,* 29 Mont. 548, 75 Pac. 191.

The case of *Kirk v. Rhoads,* 46 Cal. 398, referred to in *Lane v. Bailey,* is applicable to this case upon both of the grounds

urged in the motion, and we therefore quote the following language from it: "The affidavit in this case was in the ordinary form of a verification of a pleading, and averred that the statement was true, except as to matters therein set forth on information and belief, and as to those matters affiant believed it to be true. This was a substantial compliance with the statute. To hold that the contestant must make oath to the absolute verity of every averment of the statement would prevent the contest of an election in almost any conceivable case, and would work a practical abrogation of a beneficial law. From the very nature of the case, many, and frequently most, of the essential facts must come to the knowledge of the contestant through the statements of others; for he cannot be present at the various polling places to observe the conduct of the officers of election. We think the object of the provision was merely to require a verification of the statement, but not to prescribe its form or terms. The object of the law is gained when the affidavit is in the ordinary form of a verification of a pleading."

The Supreme Court of Indiana in *Curry* v. *Baker,* 31 Ind. 151, said that to construe the language of the statute as·is contended by respondent, "and require the affidavit to be founded alone upon the personal observation of the contestor, would involve a practical change in the title of the act, so that it should read, 'An Act to prohibit the contesting of any election.' " (And see McCrary on Elections, Section 433.)

In McCrary on Elections (4th Ed.), Section 431, it is said: "It may be stated as a general rule, recognized by all the courts of this country, that statutes providing for contesting elections are to be liberally construed, to the end that the will of the people in the choice of public officers may not be defeated by any merely formal or technical objections."

It is thus apparent that the objections lodged by the contestee against the complaint are untenable.

We have examined the complaint to ascertain whether the court was correct in sustaining the contestee's motion upon the

ground that the complaint is bad for want of substance.

Section 2021, Code of Civil Procedure, provides that the court may dismiss the proceedings if the statement of the cause or causes of the contest is insufficient. Section 2016, following, provides: "No statement of the grounds of contest will be rejected, nor the proceedings dismissed by any court for want of form, if the grounds of contest are alleged with such certainty as will advise the defendant of the particular proceeding or cause for which such election is contested."

While it is true that the complaint in some particulars is subject to criticism as being indefinite, yet we cannot say that it does not state a cause of action. All that the statute requires is that the contestant shall definitely apprise the contestee of the charges relied upon, so that he may be prepared to meet them with appropriate proof. Except in one or two instances, which are not fatal to the maintenance of the action, we think the contestee is advised with certainty to a common intent of the charges which he is to meet.

We are therefore of the opinion that the judgment should be reversed, and the cause remanded for further proceedings.

Per Curiam.—For the reasons stated in the foregoing opinion, the judgment is reversed, and the cause remanded.

Mr. Justice Milburn, not having heard the argument, takes no part in this decision.