## THE PEOPLE *v.* CAJIAO.

APPEAL from the District Court of San Juan, Section 2.

No. 401.—Decided February 13, 1912.

CRIMINAL LAW—PERJURY—DEPOSITIONS AND AFFIDAVITS.—The provisions of section 121 of the Penal Code relating to perjury committed in depositions are applicable also to affidavits.

ID.—PUBLICATION OF AFFIDAVIT—ALLEGATIONS ESSENTIAL IN CHARGE OF PERJURY.—In pursuance of the foregoing doctrine it is an essential requisite in

an information for perjury committed in an affidavit to allege the fact that the accused parted with the false affidavit or deposition by delivering it to some other person with the intent that it be reported or published as true, hence an information failing in such allegation is fatally defective.

The facts are stated in the opinion.

The appellant did not appear.

*Mr. Charles E. Foote, fiscal,* for respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant in this case was convicted by a jury of the crime of perjury, and he was sentenced by Section 2 of the District Court of San Juan, to the punishment provided for by law.

The defendant took an appeal to this court, but has not filed either a brief or a bill of exceptions, nor has he presented any assignment of errors either orally or in writing.

However, we have before us the transcript of the record sent up by the secretary, which contains the following:

"*Information.*—In the name and by authority of The People of Porto Rico. United States of America. The President of the United States, ss. The People of Porto Rico against Felipe Cajiao y Ortiz. In the District Court of San Juan, on the 10th of May, 1911. The *fiscal* files an information against Felipe Cajiao Ortiz for the crime of perjury (felony), committed as follows: The said Felipe Cajiao Ortiz on the 18th day of January, A. D. 1910, at Bayamón, within the Judicial District of San Juan, having taken an oath before Notary José Oller, duly authorized to administer the same, upon being examined on a question material for the purpose of the Civil Service law of Porto Rico, did then and there wilfully and unlawfully declare that it was true that he had never been in the employ of the United States Government in Porto Rico, when, as a matter of fact, he served in Company G of the Porto Rico Regiment, thus knowingly making a false declaration contrary to the form, force and effect of the statute in such case made and provided and against the peace and dignity of The People of Porto Rico. (Signed) Luis Campillo, District Attorney.

"I hereby certify that the above information is based upon the sworn testimony of witnesses examined before me, and I solemnly believe that there is just cause for the filing of this information. (Signed) Luis Campillo, District Attorney.

"Sworn to before me, this 10th day of May, 1911. (Signed) M. Benítez Flores, Deputy Clerk of the District Court of San Juan."

The honorable *fiscal* of this Supreme Court, both orally and by brief, has prayed that the judgment be reversed, and we are of the opinion that he is justified in so doing.

The appellant was charged with knowingly making a false statement under oath in the presence of a notary public in regard to a question considered essential for the purposes of the Civil Service laws of Porto Rico.

Sworn statements made in the presence of a notary when put into writing may take the form of depositions or *affidavits;* therefore, the provisions of section 121 of the Penal Code relating to perjury committed in depositions are also applicable to *affidavits,* as held in *People* v. *Robles,* 117 Cal., 681; *Baker* v. *McGrath,* 106 Ga., 419, 32 S. E., 390; *In re Liter's Estate,* 19 Mon., 474, 48 Pac., 753.

Now then, since under the section above quoted, in order that the offense may be said to have been committed, it is necessary that the false *affidavit* or deposition leave the hand of the person making it and be delivered to some other person with the intent that it be uttered or published as true, it follows that in order that perjury may be said to have been committed it is necessary that such fact be alleged; and, therefore, any information failing to make such an allegation is fatally defective and is not sufficient to support the charge that the defendant made use of such *affidavit* thus committing the offense imputed to him. See *People* v. *Colón,* 10 P. R. R., 197.

For the reasons stated the judgment should be reversed.

*Reversed.*


Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.