## EL PUEBLO *v.* CAJIAO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª.

No. 401.—Resuelto en febrero 13, 1912.

DERECHO PENAL—PERJURIO—DEPOSICIONES Y AFFIDAVITS.—Los preceptos del artículo 121 del Código Penal con respecto a los perjurios cometidos en deposiciones, son también aplicables a los *affidavits*.

ID.—PUBLICACIÓN DEL AFFIDAVIT—ALEGACIONES ESENCIALES EN UNA ACUSACIÓN DE PERJURIO.—De acuerdo con la doctrina anterior es un requisito esencial en una ocusación de perjurio cometido en un *affidavit*, que se alegue el hecho de que el acusado se desprendió del *affidavit* o deposición falsa entregándolo a otra persona con el intento de que se divulgue o publique como verdadero, y careciendo una acusación de esa alegación, es fatalmente defectuosa.

Los hechos están expresados en la opinión.

La parte apelante no compareció.

Abogado del apelado: *Sr. Charles E. Foote, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El apelante en este caso fué declarado convicto del delito de perjurio por un jurado y sentenciado por la Corte de Distrito de San Juan, Sección 2ª. a la pena correspondiente.

Interpuesta apelación por el reo, no ha presentado en esta Corte Suprema pliego alguno de exposición del caso ni de excepciones, como tampoco por escrito ni oralmente ha alegado errores contra la sentencia recurrida. Sin embargo, tenemos delante la transcripción de los autos enviada por el secretario, en la que leemos la siguiente denuncia:

"Denuncia. En el nombre y por la autoridad de El Pueblo de Puerto Rico. Estados Unidos de América. El Presidente de los E. E. U. U., ss: *El Pueblo de Puerto Rico* contra *Felipe Cajiao Ortiz.* En la Corte de Distrito de San Juan, a 10 de mayo de mil novecientos once. El fiscal formula acusación contra Felipe Cajiao Ortiz, por un delito de perjurio *(felony)*, cometido como sigue: El citado Felipe Cajiao Ortiz, allá el día 18 de enero de 1910, en Bayamón, que forma parte del Distrito Judicial de San Juan, ante el Notario José Oller

debidamente autorizado para tomar juramentos, voluntaria e ilegalmente juró ser cierto, que nunca había sido empleado del Gobierno de los EE. UU. en Puerto Rico, sabiendo que tales manifestaciones eran falsas, puesto que había servido en la Compañía G del Regimiento de P. R.; cuyos hechos eran esenciales a los efectos del Servicio Civil de Puerto Rico.

"Este hecho es contrario a la ley para tal caso prevista, a la paz y dignidad de El Pueblo de Puerto Rico.

"Firmado.   Luis Campillo, Fiscal del Distrito.   La acusación que antecede está basada en el testimonio de testigos examinados bajo juramento, creyendo solemnemente que existe justa causa para presentarla al tribunal.

"Firmado.   Luis Campillo, Fiscal del Distrito.   Jurado y firmado ante mí hoy día 10 de mayo de 1911.   Firmado.   M. Benítez Flores, Secretario Auxiliar del Tribunal del Distrito de San Juan."

El Hon. Fiscal de esta Corte Suprema, tanto en su informe escrito como en el oral, ha solicitado la revocación de la sentencia y entendemos que tiene razón para ello.

Al apelante se le imputa que ante un notario juró ciertos hechos sabiendo que eran falsos y siendo ellos esenciales a los efectos de la Ley del Servicio Civil de esta Isla.

Las manifestaciones juradas de una persona ante un notario reducidas a escrito, pueden adoptar la forma de deposiciones o de *affidavits,* por lo que lo dispuesto en el artículo 121 del Código Penal con respecto a los perjurios cometidos en deposiciones, es aplicable también a los *affidavits,* extremo que ya ha sido resuelto en los siguientes casos:

*People* v. *Robles,* 117 Cal., 681.
*Baker* v. *MaGrath,* 106 Ga., 419; 32 S. E., 390, 391.
*In re Liter's State,* 19 Mon., 474; 48 Pac., 753.

Ahora bien, como de acuerdo con el artículo antes citado, es un requisito esencial para que el delito se entienda consumado, que la persona que hizo el *affidavit* o deposición falsa se desprenda de él entregándolo a cualquiera otra persona con el intento de que se divulgue o publique como verdadero, de aquí que sea un elemento esencial en una acusación de per-

jurio cometido por ese medio el que se alegue ese hecho y la acusación que carezca de él, es fatalmente defectuosa, y falta base para asegurar que el acusado hizo uso de tal *affidavit* y cometió, por tanto, el delito imputado. (Véase *People* v. *Colón,* 10 Dec. de P. R., 207.)

Por estas razones, la sentencia debe ser revocada.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados MacLeary, Wolf y del Toro.