CURRY, APPELLANT, *v.* McCAFFERY, RESPONDENT.

(No. 3,307.)

(Submitted March 24, 1913.   Decided April 1, 1913.)

[131 Pac. 673.]

*Election Contests—Record on Appeal—Statement—Verification*
*—District Judges — Disqualification—Trial—Continuances—*
*Jurisdiction.*

Election Contests—Record on Appeal—Sufficiency.
1.   While section 7248, Revised Codes, confers the right of appeal on either party to an election contest, no provision is made for a record by which the appeal can be presented to the supreme court.   Contestant in such a proceeding filed a record appropriate in an ordinary civil action.   Mode of procedure *held* proper, under section 6329, which provides that where the course of procedure in any matter of which a court has jurisdiction is not specifically pointed out by the Code or statutes, any suitable process most conformable to the spirit of the Code may be adopted.

District Judges—Disqualification—Power of Court to Call Other Judges.
2.   A district judge who deems himself disqualified in a matter pending in his court may call one trial judge after another until he can secure the services of one able to preside at the trial of the cause.

Election Contests—Statements—Verification—Sufficiency.
3.   A verification attached to the statement of contest of an election in form substantially the same as that required for a pleading in a civil action was sufficient.

District Judges—Disqualification—Manner of Calling in Other Judges.
4.   Unless the disqualification of a trial judge to preside in a cause pending before him is brought about by the filing of the affidavit mentioned in section 6315, Revised Codes, as amended (Laws 1909, p. 161), he is not required to first call upon the other judge or judges of his own district before he can invite a judge of another district to act in his stead.

District Courts—Jurisdiction.
5.   Where the jurisdiction of a court is exclusive and has once lawfully attached, it cannot be ousted by subsequent events or facts arising in the cause; jurisdiction remains in it until final judgment, unless devested thereof through constitutional provision.

Election Contests—Limit of Special Term or Session.
6.   *Held,* that the special session or term of the district court authorized by section 7241, Revised Codes, to be held for the determination of an election contest, is not limited to twenty days, or to any period of time, by either Constitution or statute.

District Courts—Continuances.
7.   A court of record has authority of its own motion and in the absence of statute, to adjourn the hearing of a matter pending before it.

Election Contests—Continuances—District Courts—Jurisdiction.
8.   *Held,* that the district court erred in dismissing an election contest on the ground that it lost jurisdiction because of an adjournment taken by it on its own motion (before actual commencement of trial)

for a period of time exceeding twenty days from the day originally set for the hearing; the statute (sec. 7244, Rev. Codes) not containing any restriction upon the power of the court relative to the subject of continuances, other than that neither party shall have a continuance, before commencement of trial, for more than twenty days, and that after commencement of trial adjournment shall be had from day to day only.

*Appeal from District Court, Silver Bow County; J. M. Clements, a Judge of the First Judicial District, presiding.*

ELECTION CONTEST by George Curry against Joseph J. McCaffery. From a judgment of dismissal, contestant appeals. Reversed and remanded.

*Messrs. Alexander Mackel, Wm. F. Davis, H. A. Tyvand,* and *I. G. Denny* submitted a brief in behalf of Appellant; *Mr. Davis* argued the cause orally.

*Messrs. John F. Davies, Kremer, Sanders & Kremer, James E. Healy, John V. Dwyer,* and *William Meyer,* submitted a brief for Respondent; *Mr. J. Bruce Kremer* and *Mr. Healy* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

At the general election held in Silver Bow county on the 5th day of November, 1912, Joseph McCaffery, H. Lowndes Maury, and Louis A. Smith were contesting candidates for the office of county attorney. The county canvassing board declared McCaffery elected, and issued a certificate to him. Within the time allowed by law for filing contests George Curry, a resident of Silver Bow County and a qualified elector therein, filed in the district court of that county his statement contesting the right of McCaffery to the office of county attorney. The ground of the contest is malconduct on the part of the election officers, which, it is alleged, resulted in depriving the rightful claimant of the office. On December 2, after this statement had been filed, the district court, presided over by Judge Lynch, made an order calling a special session of the court for December 16 to determine such contested election case, and directed

the proper citation to issue to the contestee. Due service of the citation was made, and on the 16th day of December the contestee appeared by motion. Judge Lynch, deeming himself disqualified, called in Judge Poindexter, of the fifth district, to hear the motion and to try the cause, and by agreement of the parties the further hearing was continued until December 19. On December 19, by agreement of the parties, Judge Pierson, of the thirteenth judicial district, was called in to hear all pending matters and motions and to try the cause, and the further hearing was continued until January 3, 1913. Some time thereafter the clerk of the court received a letter from Judge Pierson, to the effect that it would be impossible for him to hear the motion or try the cause. On January 3, 1913, the matter was called before the district court while Judge Lynch was presiding. Counsel for the contestee objected to Judge Lynch making any order or assuming any jurisdiction over the proceedings; but these objections were overruled, and an order was made calling Judge Winston, of the third judicial district, and the matter was set for hearing January 4. Judge Winston was unable to try the matter or hear the motion, and on January 4, in open court while Judge Lynch was presiding, and over the objection of the contestee that he had no jurisdiction to make any order, Judge Clements, of the first judicial district, was called to try the cause, including the hearing of the pending motion, and the matters were set for January 6. Judge Clements indicated that he could try the cause but that he could not be present until January 8. On January 6, in open court, Judge Lynch presiding, over the objection of the contestee that he had no jurisdiction to make any order and upon the further ground that no affidavit for a continuance had been filed, and that the cause could not be continued to a date more than twenty days from the 16th of December, 1912, the day upon which the cause was originally set for hearing, Judge Lynch set the matters over to January 8. On January 8 Judge Clements appeared in court, and, the matter being called, counsel for the contestee objected to any further proceedings, upon the ground

that the court had lost jurisdiction, for the reason that the hearing had been continued for more than twenty days from the day originally set for the hearing, and moved the court to dismiss the proceeding. The objection was sustained, the motion granted, and a judgment rendered and entered in favor of the contestee and against the contestant for costs. It is from that judgment that this appeal is prosecuted.

1. Objection is made to the record by which this appeal is sought to be presented. Under our Code the proceeding for contesting an election is classed as a special proceeding. While it partakes of the nature of a civil action, it is not in fact such an action. It is altogether statutory. The provisions of law governing are found in sections 7234–7249, inclusive, of the Revised Codes. The only provision with reference to an appeal [1] is found in section 7248, as follows: "Either party, aggrieved by the judgment of the court may appeal therefrom to the supreme court, as in other causes of appeal thereto from the district court." Jurisdiction—original in the district court and appellate in the supreme court—of a proceeding of this character is conferred by the state Constitution. The right in a party to the proceeding to appeal is conferred by section 7248 above. There is not any provision made for a record by which the appeal can be presented. Under such circumstances we have recourse to section 6329, which provides: "When jurisdiction is, by the Constitution or this Code, or any other statute, conferred on a court or judicial officer, all the means necessary to carry into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code." Apparently acting upon the analogy existing between the character of this proceeding and an ordinary civil action, counsel for appellant prepared such a record as would be appropriate in an ordinary civil action. The procedure thus adopted properly presents the matters for adjudication, appears suitable and in conformity with the spirit of our Code, and meets with our approval. The

objection urged against the record is untenable. (*In re Liter's Estate,* 19 Mont. 474, 48 Pac. 753; *State ex rel. Seres* v. *District Court,* 19 Mont. 501, 48 Pac. 1104; *State ex rel. Whiteside* v. *District Court,* 24 Mont. 539, 63 Pac. 395.)

2. That Judge Lynch had authority to call one trial judge after another, until he finally secured the services of one who [2] could preside at the trial of the cause, is not open to doubt or debate. (*Littrell* v. *Wilcox,* 11 Mont. 77, 27 Pac. 394; *State ex rel. Anaconda C. M. Co.* v. *Clancy,* 30 Mont. 529, 77 Pac. 312; 23 Cyc. 599.)

3. Complaint is made of the form of verification attached to the statement of contest. While it is somewhat informal, it is [3] to all intents and purposes the same as that required for a pleading in an ordinary civil action and is sufficient. (*Lane* v. *Bailey,* 29 Mont. 548, 75 Pac. 191; *Murphy* v. *Levengood,* 31 Mont. 34, 77 Pac. 311.)

4. The record fails to disclose the cause of Judge Lynch's [4] disqualification. He was not compelled to call upon the other judges of the second district, nor was he required to do so unless his disqualification was brought about by the filing of an affidavit under subdivision 4 of section 6315, as amended by the Act of 1909 (Laws 1909, p. 161). There is not any question, however, of Judge Clements' authority to act for Judge Lynch. (Sec. 12, Art. VIII, Mont. Const.)

5. The special session of court to hear this contest was ordered for December 16. The postponement to the 19th and again to January 3, 1913, was taken by agreement of the parties, and no one complains. By filing the statement of contest in time, the district court of Silver Bow county acquired complete jurisdiction of the subject matter involved herein, and by due service of the citation upon the contestee equally complete jurisdiction was acquired over the parties. The court having met at the time and place designated in the order convening the special session, there was then presented a question for adjudication, a court having exclusive jurisdiction, and a special term duly convened for the purpose of hearing and determining the question.

It is conceded to be the general rule that "where the juris-diction of a court is exclusive and has once lawfully attached it [5] cannot be ousted by subsequent events or facts arising in the cause, but the court may proceed to final judgment unless some constitution or statute operates to devest that particular court of its jurisdiction." (11 Cyc. 690.) That there is not any provision of our Constitution by or through which the court lost jurisdiction of this matter must also be conceded.

In their brief, counsel for contestee say: "The jurisdiction of the court in this case was determined and ousted by the provisions of section 7244, Revised Codes of Montana." As the trial of this cause was never begun, the provision of section 7244, above, for adjournment from day to day, was never invoked. The adjournments after January 3 were taken from time to time before the commencement of the trial, and over the ob-jection of the contestee. Paraphrased, that portion of section 7244, above, invoked by the respondent, reads as follows: Upon the application of either party the court may continue the trial before its commencement for not more than twenty days, upon two conditions: (a) That the applicant present good cause by affidavit; and (b) that he pay the cost of the continuance. But in the instant case every continuance was had upon the court's own motion. Neither party asked for a continuance, and, so far as this record discloses, neither party desired one. There could not be any showing of cause, and there was not anyone upon whom the cost of the continuance could be imposed. Therefore the provision of section 7244 for a continuance before trial has no application to the facts of this case. We are con-fronted with the fact that the trial court ordered these adjourn-ments of its own motion. If Judge Clements had appeared and tried the cause on January 6, no complaint could have been made. The periods covered by the several adjournments, in-cluding the adjournment to January 6, equaled, but did not exceed, twenty days. The twenty days from December 16 would have expired on January 5, but for the fact that January 5 was Sunday, and, under the rule of computation of time pre-scribed by the Code, that day is excluded. If, then, the court

lost jurisdiction, it resulted from the postponement of the cause for trial from January 6 to January 8; and that this is the theory of counsel for respondent is evidenced by the recital in their brief: "The hearing of the contest was not begun until more than twenty (20) days had elapsed, to wit: on January 8, 1913. The term of court could only continue for twenty (20) days; the twenty (20) days having elapsed on January 6, 1913, and no hearing having been had or commenced, the special session of court which had been called, ended, and the court lost jurisdiction."

The orders postponing the trial from January 3 to January 4, and from January 4 to January 6, even if erroneous, were orders made within jurisdiction, and in the absence of any showing of injury or inconvenience to the contestee arising therefrom, they are to be treated as errors without prejudice; and the same rule would be invoked as to the postponement to January 8 if it was accomplished by an order which the court had authority to make. So that by this process of elimination we reach the only serious question presented, *viz.*: Did the postponement of the trial to a date more than twenty days from the day on which the special session was convened work a discontinuance of the proceeding? The answer to this involves a consideration of two other questions:

(1) Is the duration of the special session which is authorized [6] by section 7241 to be held to determine an election contest limited to twenty days? This inquiry must be answered "Yes" or "No." If the term is so limited, the limitation is absolute; for there is not any provision for extending it. The words "session" and "term" are used here interchangeably. They are both employed in section 7241 to meet the condition arising from the different situations of different courts within this state. In a judicial district such as the second, comprising but a single county, there are no terms of court; while in a district comprising more than one county there are terms. The word "session" is employed for a court within a district of the first class, and the word "term" for a court within a district of the other class; but the two words as here used mean the same

thing. If the duration of the special term or special session is fixed by hard-and-fast rule to twenty days, then any act performed in the matter after the expiration of that period would be *coram non judice* and void. (11 Cyc. 735.) If this cause had been brought to trial on January 3 before Judge Pierson, there cannot be any question of the right of the court to proceed. However, if contestee's theory of this statute is correct, the court would then have had but three days within which to complete the trial, and, if at the expiration of January 6 the trial was not completed, the mere expiration of that day would *ipso facto* work a dissolution of the special session of court and a discontinuance of the proceedings, even though neither party nor the court was at fault. Such a result ought not to be reached unless the language of the statute leads inevitably to that end. While the manifest purpose of the statute is to secure a speedy hearing of election contests, it is certainly of more consequence that a contest instituted in good faith be determined upon its merits, and that the very right of the case be ascertained, than that the controversy be ended speedily without regard to right or wrong.

In support of their view counsel for contestee cite *English* v. *Dickey,* 128 Ind. 174, 13 L. R. A. 40, 27 N. E. 495, but the decision was upon a statute which is quite different from ours, and one whose terms seem to lend support to the position taken. The statute considered by the Indiana court authorizes the trial board to grant continuances "not exceeding twenty days altogether." Of this the court said: "In our opinion it was the intention of the legislature that the entire time given to the consideration of a contested election case by the board of county commissioners should be twenty days altogether." There is not anything in our Code which limits the special term or special session to twenty days or at all. The language of section 7244, above, is that the court "may adjourn from day to day until such trial is ended." As indicated above, the limitation upon the power of the court to grant a continuance for not more than twenty days applies only when an application by one party has been made for cause. The provision is reasonable, and its pur-

pose is to prevent either party from having recourse to delay merely for the sake of delay. Our conclusion is that the decision of the Indiana case above is not authority upon the question of the construction of our statute, and that there is not any limit fixed by the Constitution or laws of this state to the special term or special session of court called to determine an election contest.

(2) Has the trial court authority of its own motion to postpone the trial of an election contest before the actual commencement of the trial? The position of counsel for contestee is, in effect—though not in terms—that the court does not have such authority, and support for this view is found in the declarations of the supreme court of California in construing statutory provisions similar to our own. In *Dorsey* v. *Barry*, 24 Cal. 449, there·was presented the single question: Has the trial court authority to grant a new trial in an election contest case? The supreme court very properly determined that such authority was not lodged in the court and annulled all proceedings subsequent to the judgment confirming Barry's election. With that decision itself there cannot be any fault found; but, notwithstanding there was not involved any question of the power of the trial court to grant a continuance, and no continuance had been had, the supreme court, by *dictum* pure and simple, undertook to construe the provisions of the California statute similar to those of our section 7244, and said: "In section 62 of the Act, provision is made for the continuance of the special term, not exceeding twenty days, upon good cause shown before the commencement of the trial; and it further provides that after the commencement of the trial it may be continued from day to day until such trial is ended. The continuance in those two cases being provided for, all further power of continuance is excluded."

Counsel also cite *Norwood* v. *Kenfield*, 34 Cal. 329, but the only question involved there was the power of the judge at chambers to grant a continuance of the trial of an election contest after the special term had been fixed and before the trial

had actually commenced. The supreme court there very properly denied to the judge the power which he sought to exercise.

Counsel for contestee rely with great confidence upon the decision in *Keller* v. *Chapman,* 34 Cal. 635. In that case, after the trial of the contest had proceeded for two days, the trial court, on contestant's motion and over the objection of the contestee, granted a continuance for seven days. The supreme court refers to the *dictum* in *Dorsey* v. *Barry,* quoted above, and makes it the foundation for its further observations as follows: "The summary nature of the proceedings is inconsistent with the exercise of the general discretionary power of granting continuances possessed by courts in civil actions. The expression of the particular mode and time of continuance is exclusive of all non-enumerated modes and times. The continuance from the 6th of the month, when the cause was on trial, to the 13th of the same month, against the objections of the respondent and without an affidavit showing cause, was unauthorized, and operates as a discontinuance of the proceeding." We are unable to appreciate the force of that argument, and in our opinion the California court failed to grasp the meaning of the provisions of the statute involved. In *Falltrick* v. *Sullivan,* 119 Cal. 613, 51 Pac. 947, the decision in *Keller* v. *Chapman* is overruled in fact, though not in terms. In *O'Dowd* v. *Superior Court,* 158 Cal. 537, 111 Pac. 751, it was held that the provisions of section 1119 of the California Code of Civil Procedure (sec. 7242, Montana Rev. Codes) are directory merely. In *Hagerty* v. *Conlon,* 15 Cal. App. 643, 115 Pac. 762, the same rule was applied to the provisions of section 1118 of the California Code of Civil Procedure (sec. 7241, Montana Rev. Codes). In *Busick* v. *Superior Court,* 16 Cal. App. 499, 118 Pac. 481, the same rule was again applied to the provisions of section 1121, California Code of Civil Procedure, which are the same as the provisions of our section 7244, above. And in *Moore* v. *Superior Court* (Cal. App.), 128 Pac. 946, the doctrine of the *Busick Case* was reaffirmed. We are not required to adopt either theory thus advanced by the California court.

In our opinion, the language of section 7244, above, is too plain to admit of the application of any rules of construction. All that this court is called upon to do is to declare that the legislature meant just what it said. The section provides that, when the court has met at the time and place designated for the special term or session, it "shall have all the powers necessary to the determination" of the contest. The only limitations upon that authority are found in the same section, *viz.:* (1) Before the trial commences, neither party may have a continuance, even for good cause shown, for more than twenty days; and (2) after the trial commences the only adjournment to be had is from day to day. That a court of record has authority of its own motion, [7] and in the absence of statute, to adjourn the hearing of a matter pending before it, is the rule well-nigh universal (1 Ency. Pl. & Pr. 238); and that our own Codes recognize that rule as in effect in this state is manifested by the fact that in certain particular instances restrictions upon that power are imposed, as for instance, in section 8005. Since, however, there is not any restriction upon the power of the court of its [8] own motion to adjourn the hearing of an election contest before the trial actually commences, we hold that the district court of Silver Bow county had authority to adjourn the hearing of this matter to January 8, and in the absence of any showing of an abuse of the court's discretion or of prejudice resulting to the contestee, its action is to be approved. In holding that jurisdiction of this proceeding was lost by reason of the adjournment to January 8, the trial court erred.

The judgment is reversed and the cause is remanded for further proceedings.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.