## IN RE EAST BENCH IRRIGATION DISTRICT; FLYNN, APPELLANT.

(No. 5,399.)

(Submitted February 20, 1924. Decided March 27, 1924.)

[224 Pac. 859.]

*Waters—Irrigation Districts—Creation—Jurisdiction—Notice— Adjournment of Hearing—Refusal to Permit Filing of Answer—Discretion.*

Irrigation Districts—Jurisdiction—How Acquired.
1. Where a petition for the creation of an irrigation district is regular and the statutory notice has been given, the court acquires jurisdiction of both the subject matter of the petition and of all the persons named therein as owners of land in the proposed district.

Same—Jurisdiction Once Acquired not Affected by Subsequent Events.
2. Where, as in a proceeding (special in its nature) for the creation of an irrigation district, the jurisdiction of the court is exclusive and has once lawfully attached, subsequent events or facts arising in the cause cannot deprive it thereof; hence its action in adjourning a hearing to a certain day and hour and taking up the hearing on that day but at a different hour, if error, was error within jurisdiction.

Same—Resumption of Hearing at Hour Other Than That Fixed on Adjournment—Who May not Complain.
3. A land owner who made no appearance at any time in a proceeding looking to the establishment of an irrigation district was not in position to allege error in resuming hearing on the petition for its creation at an hour other than the one to which it had been adjourned.

Same—Refusal to Permit Answer to be Filed—When not Abuse of Discretion.
4. Refusal to permit the filing of an answer by an owner of land who claimed to have been unaware of the creation of an irrigation district in which her lands were included until six months after its creation and who then waited four months more before asking leave to file it, *held* not to have been an abuse of discretion lodged in the court.

Same—Setting Aside of Default Judgment—Refusal—Discretion.
5. The granting or refusing to grant an order setting aside a default judgment rests in the sound discretion of the trial court, and its action thereon will not be disturbed on appeal unless a showing of manifest abuse of that discretion is made.

*Appeal from District Court, Beaverhead County; Lyman H. Bennett, Judge.*

In the Matter of the establishment of the East Bench Irrigation District, Mary Flynn appeals from an order overruling her motion to quash the order creating the district. Affirmed.

*Messrs. Walsh, Scallon & Wine,* for Appellant, submitted a brief; *Mr. William Scallon* argued the cause orally.

The jurisdiction of the court in dealing with proceedings for the creation of irrigation districts is a limited and special one. These proceedings are not within the general jurisdiction of the court nor according to the course of the common law. The jurisdiction of the court in such cases depends upon special statutory provisions. In so far as parties who did not sign the petition are concerned, the proceeding is one *in invitum.* (*Re Gallatin Irr. Dist.,* 48 Mont. 605, 140 Pac. 92.) An essential of jurisdiction in all cases, but particularly in cases where a court is exercising a special and limited jurisdiction, is due notice. It is fundamental that a party cannot be deprived of property or be bound in any manner by court order without his day in court. (*Galpin* v. *Page,* 18 Wall. 350; *State* v. *Clancy,* 24 Mont. 359, 61 Pac. 987.) When the court did not meet at the appointed time and there was not at that time any proceedings taken in the case or any continuance, the power of the court to proceed further lapsed. New notices were necessary. (*Jones* v. *Railroad Co.,* 183 Mo. App. 244, 170 S. W. 427.)

There are many cases holding that such defects in procedure as the one here involved are errors which would cause reversal on appeal. (*State* v. *District Court,* 58 Mont. 114, 190 Pac. 982; *Simmons* v. *Kirby,* 83 Ark. 631, 103 S. W. 1153; 13 Corpus Juris, 191, 192, secs. 145, 147; 4 Ency. Pl. & Pr. 891; *McKee* v. *Ludwig,* 30 Ill. 28; *Newell* v. *Clodfelter,* 3 Ill. App. 259.),

*Messrs. Norris, Hurd & Collins,* for Respondents, submitted a brief; *Mr. E. E. Collins* argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

On the twenty-ninth day of June, 1921, a petition signed by some ninety land owners was filed in the district court of Beaverhead county, praying for the creation of the East Bench irrigation district. Amongst the lands described in the petition was a certain tract belonging to the appellant, Mary Flynn, who was not a signer of the petition. On March 21, 1922, an order was made by the district court in accordance with the statute, setting the petition for hearing on April 22, 1922, at 2 o'clock P. M. In this appeal no question is raised as to the sufficiency of the petition or the regularity of the giving of notice of the time fixed for hearing the same. The matter came on regularly before the court on April 22, at which time certain interested parties appeared by filing a motion to quash the service of the notice upon them, and thereupon the further hearing on the petition was continued until May 5, 1922, at 2 o'clock P. M. On April 28 counsel for the petitioners and for those who had filed motions to quash the service of notice argued these motions before the court, and they were taken under advisement. Thereupon counsel for these parties and the petitioners, being all who had appeared in the matter up to that time, stipulated that the hearing which had been continued until 2 o'clock P. M. on May 5, 1922, might be taken up at 10 o'clock A. M. of that date. At the time last mentioned the matter was again taken up by the court. Certain testimony was introduced, and upon the arrival of the noon hour, by reason of the fact that the judge who was hearing the same was required to go to Boulder for the purpose of holding court, the hearing was continued until May 8, 1922, at which time further testimony was introduced and an order creating the district was regularly and duly made and entered.

On March 2, 1923, or ten months after the order creating the district had been made, the appellant, Mary Flynn, filed a motion in the proceeding to quash the order creating the district and to permit her to answer to the petition, and in connection with her motion tendered a proposed answer, and in support of the motion filed an affidavit which, in brief, recites that she did not sign the petition for the creation of the district; that she did not learn of the creation of the district until tax-paying time in November, 1922, when she was informed that taxes amounting to $160 had been levied upon her land in connection with the district; that she paid these taxes under protest; and that she had never ratified the inclusion of her lands in the district.

The sole ground of appellant's motion to quash the order creating the district was that it was made at a time other than that at which the hearing was set. In support of this contention counsel argue that the court lost jurisdiction of the proceedings when, after the hearing had been adjourned to May 5, 1922, at 2 P. M., it was taken up at an earlier hour of that day and then adjourned until May 8.

1. In reference to the hearing on a petition of this kind, [1] section 3958 of the Revised Codes of 1921 provides that at the time mentioned in the notice the court shall hear the petition and "may adjourn such hearing from time to time, not exceeding three weeks in all."

The petition being regular, and the statutory requirement as to notice having been fully complied with, the court by virtue of these facts, on April 22, acquired jurisdiction of both the subject matter of the petition and of the persons of all those who were named therein as the owners of lands in the proposed district, and this included the appellant, Mary Flynn, and her land.

The creation of an irrigation district is accomplished by a [2] special proceeding of which the district court has exclusive jurisdiction. (Sec. 3956.) It is well established as a "general

rule that 'when the jurisdiction of a court is exclusive and has once lawfully attached it cannot be ousted by subsequent events or facts arising in the cause, but the court may proceed to final judgment unless some constitutional statute operates to divest that particular court of its jurisdiction.' (11 Cyc. 690.)" (*Curry* v. *McCaffery*, 47 Mont. 191, 131 Pac. 673.)

The authority of the court to continue the hearing on this [3] petition from April 22 to May 5 and from May 5 to May 8 is expressly granted by section 3958, *supra.* If it was erroneous for the court to take up the hearing at 10 A. M. on May 5 instead of at 2 P. M. on that day and then adjourn the same until May 8 it was error within jurisdiction; and in the absence of a showing by appellant that she sustained injury or inconvenience thereby it would be treated as error without prejudice. Since appellant did not appear in the matter at all, either upon the original return day or at any time to which adjournment was taken, she is not in a position to assert that her rights were at all infringed by the adjournments taken by the court of which she complains.

2. Appellant further urges that, even though the court did [4] not lose jurisdiction, it did err in not permitting her to file answer. In the affidavit filed in support of her motion appellant discloses that she became aware of the creation of this district "at tax-paying time, to-wit, in November, 1922," when she paid taxes under protest amounting to $160 "levied on her land in connection with said district." Despite this knowledge she made no move to be allowed to appear and answer until March 2, 1923, or for a period of about four months. Appellant stands in the same relation to the order creating this district as one who has allowed judgment by default to be taken against him in an ordinary civil proceeding. "It is elementary in this state that one in default must move to set it aside at the earliest moment practicable." (*Kersten* v. *Coleman*, 50 Mont. 82, 144 Pac. 1092.)

It is the rule in this state, established by a long line of
[5] authorities, that the granting or refusing to grant an
order setting aside a default judgment is a matter which rests
in the sound legal discretion of the court, and its action will
not be disturbed on appeal, in the absence of a showing of
manifest abuse of that discretion. (*Eder* v. *Bereolos,* 63 Mont.
363, 207 Pac. 471, and cases cited in the opinion.)

Under the circumstances disclosed in this record we cannot
say that the court abused the discretion lodged with it in ref-
erence to opening up the proceeding and not allowing the
appellant to file her answer and contest the petition.

The order appealed from is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.